JOHN ST. JOHN AND ANOTHER vs. EVELINA W. HALL AND ANOTHER.

A negotiable note given by *H* to *W* in settlement of *W's* account for building a house upon land of the wife of *H*, and at her request, was by him endorsed and delivered to the petitioner, who brought a bill to foreclose a builders' lien which *W* claimed to have upon the premises. A committee who found the facts in the case reported that "he did not find that *W*, when he transferred the note to the petitioner, conveyed or attempted to convey any rights other than those represented by the note and such as would by operation of law pass by the endorsement and delivery of the note." Held that, under this finding, the lien held by *W* was to be regarded as not having passed with the note to the petitioner.

BILL to foreclose a builders' lien ; brought to the Superior Court in Fairfield County. The facts were found by a committee and the case reserved for the advice of this court. The case is sufficiently stated in the opinion.

*Child* and *Fessenden*, for the petitioners.

*Stoddard* and *Hall*, for the respondents.

PARDEE, J. In 1869, I. & H. Woodman of Stamford, builders, contracted with Evelina W. Hall, a married woman,

to build a house upon land belonging to her in that town. Upon the completion of their undertaking they agreed to accept the sum of $700 for the balance due them; for which sum William M. Hall, husband of the said Evelina, gave his promissory note in the city of New York, payable there to their order sixty-five days after date. No part of this note has ever been paid.

In February, 1871, the payees endorsed and delivered the note to the petitioners to be applied on an account which the latter had against them, for the lumber used by them in constructing the house in question. The petitioners have brought their bill in equity against William M. and Evelina W. Hall, asking that a decree should be granted satisfying their claim from property of the said Evelina.

They urge that I. & H. Woodman, by means of labor performed and materials furnished, enhanced the value of Mrs. Hall's estate; that it was her intention to render her property liable for the improvements put upon it; that equity will enforce their debt against her separate estate.; and that upon the fulfilment of their contract they were entitled to the privilege of compelling that estate to pay the debt, by operation of the statute which creates liens in favor of mechanics and material men.

The view which we take of the case as it is presented does not call upon us to inquire into, and therefore does not permit us to deny, the validity of these claims to equitable relief.

The petitioners allege that they are now the owners of the note and the sum due thereon by the indorsement and delivery of the same to them by the said I. & H. Woodman, and that they have purchased the same for value. Concerning this purchase the committee uses this language in his report: " I do not find that the said I. & H. Woodman, when they transferred said note to the petitioners, conveyed or attempted to convey any rights or interests other than those represented by and contained in the said note and the consideration thereof, and such as would by operation of law pass to them by the indorsement and delivery of said note."

The indorsement and delivery of a negotiable promissory

note, in contemplation of law, amounts to a contract on the part of the indorser with and in favor of the indorsee and every subsequent holder to whom the note is transferred, as to the genuineness of the instrument and antecedent signatures thereon, as to the title of the endorser thereto, as to payment by the maker upon due presentment at maturity, and as to payment by the indorser upon proper notice of dishonor by the maker. Or perhaps we should more accurately say that it is a contract in reference to one or more of these matters and of matters of like character, varying under different circumstances and in different jurisdictions.

Now, we interpret the foregoing extract from the report as an express finding by the committee that I. & H. Woodman did not, and did not attempt to, convey to the petitioners by their indorsement and delivery of said note, more than the right to enforce this contract; the right, by proper action at law to compel the maker, William M. Hall, or the indorsers, I. & H. Woodman, to pay to them the sum named therein, together with the right to enforce against the maker all the equities existing in reference thereto between him and the payees thereof, which, by mere operation of law inhere in and accompany the contract of indorsement; excluding their right to an equitable lien upon the estate of Mrs. Evelina W. Hall, who is not the signer of the note.

We advise the Superior Court to dismiss the bill as to Mrs. Hall, because the petitioners have failed to establish an equitable relation between her and themselves; likewise as to William M. Hall, because they have adequate remedy at law against him.

In this opinion CARPENTER and FOSTER, Js., concurred; PARK, C. J., and PHELPS, J., dissented.